Filed 6/20/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOHN FLORES III, et al., | B240477 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC455706) |
| v. | |
| CHEVRON U.S.A. INC., | |
| Defendant and Respondent. | |

APPEAL from judgment of the Superior Court of Los Angeles County.  John S. Wiley, Jr., Judge.  Affirmed.

Schwartz Law, P.C. and Jeffrey M. Schwartz for Plaintiffs and Appellants.

Jones Day, Paul F. Rafferty, Eric M. Kennedy, and Rhianna S. Hughes for Defendant and Respondent.

_____

John Flores III and other named plaintiffs appeal from the summary judgment entered against them in their class action for violation of the Song-Beverly Credit Card Act of 1971 (Credit Card Act or Act). Plaintiffs allege that defendant Chevron U.S.A. Inc. (Chevron) violates the Act by sometimes requiring customers to provide their ZIP codes when buying gasoline with credit cards.

The undisputed facts show that Chevron requires ZIP codes only in pay-at-the-pump transactions at locations where there is a high risk of fraud, uses the information only to prevent fraud, and purges the information shortly after the credit card transactions are reconciled. We agree with the trial court that Chevron's conduct does not violate the Act, because the personal identification information "is required for a special purpose incidental but related to the individual credit card transaction," namely, the purpose of ensuring that the individual credit card transaction is not fraudulent. (Civ. Code, § 1747.08, subd. (c)(4).)[1] We therefore affirm the judgment.

## BACKGROUND

Under the Credit Card Act, "no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . . [r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise," subject to certain exceptions. (§ 1747.08, subd. (a)(1).) On February 10, 2011, the Supreme Court held that ZIP codes constitute "personal identification information" within the meaning of the Act. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 527 (*Pineda*).) In so doing, the Court disapproved a prior Court of Appeal decision that had reached the opposite conclusion. (*Pineda*, *supra*, 51 Cal.4th at p. 534.)

Less than two weeks after the Supreme Court decided *Pineda*, Flores and other named plaintiffs filed the instant class action against Chevron and other oil companies.

---

[1] All subsequent statutory references are to the Civil Code.

The operative second amended complaint alleges a single claim under the Credit Card Act. Plaintiffs allege that when they and the members of the putative class used credit cards to buy gasoline at defendants' gas stations, defendants violated the Act "by requiring class members to write down their zip codes as a condition to accepting their credit card as payment."

Also in the wake of *Pineda*, the Legislature passed a series of amendments to the Credit Card Act. In particular, the Legislature added subdivision (c)(3)(B) to section 1747.08, stating that the prohibition on requesting or requiring personal identification information does not apply if "[t]he person, firm, partnership, association, or corporation accepting the credit card in a sales transaction at a retail motor fuel dispenser or retail motor fuel payment island automated cashier uses the Zip code information solely for prevention of fraud, theft, or identity theft." The Governor signed the amendment into law on October 9, 2011.[2]

The following month, plaintiffs filed their second amended complaint. It proposes definitions of several subclasses (one for each oil company defendant). Each proposed subclass is limited to persons whose "personal identification information was used for a purpose other than solely for prevention of fraud, theft, or identity theft." As already noted, however, the second amended complaint also alleges that defendants violated the Credit Card Act by requiring putative class members (including the named plaintiffs) to provide ZIP codes as a condition of completing their credit card transactions, regardless of the purpose for which the ZIP codes were used.

Chevron moved for summary judgment on multiple grounds. In particular, Chevron argued that its conduct did not violate the Credit Card Act because it fell within a statutory exception that preceded *Pineda*. Under section 1747.08, subdivision (c)(4), requesting or requiring personal identification information does not violate the Act

---

[2] The parties dispute whether the amendment applies retroactively and, perhaps equivalently, whether the amendment merely clarified rather than modified existing law. Because we resolve the appeal on other grounds, it is not necessary for us to address those issues, and we express no opinion on them.

3

"if personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." Chevron argued that its use of personal identification information was required for the special purpose of preventing fraud.

Chevron contended in support of its motion—and plaintiffs expressly conceded—that all of the following facts are undisputed: When buying gas at a Chevron station in California, customers can either pay at the pump or pay inside the service station. Customers paying at the pump with a credit card may be asked to "enter their ZIP code into an electronic keypad for fraud prevention purposes," but "[o]nly Chevron stations located in high fraud areas or that have experienced high levels of fraud prompt customers to enter their ZIP codes at the pump." When Chevron began requesting ZIP codes for pay-at-the-pump credit card transactions in high fraud areas, it thereby reduced the number of fraudulent transactions by over 80 percent. "Since it began asking for ZIP codes at the gas pump, Chevron has never used that information for any purpose other than fraud prevention." "Chevron does not use customer ZIP codes for any other reason except to prevent/reduce fraud. Specifically, Chevron does not use ZIP codes for any marketing purpose; does not sell, transfer, assign, or provide access to customers' personal information to any third party; and does not use this information to solicit customers in any manner nor to promote its products." Chevron's "Settlement Team" purges the ZIP code information from its records "after 90 days once Chevron reconciles all credit card transactions." Again, plaintiffs expressly conceded that all of the foregoing facts are undisputed.

The trial court granted Chevron's motion on the ground that the "special purpose" exception under subdivision (c)(4) of section 1747.08 applies to Chevron's conduct. The court entered judgment in favor of Chevron on March 19, 2012, and plaintiffs timely appealed.

4

STANDARD OF REVIEW

We review the trial court's ruling on a motion for summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.)

DISCUSSION

Plaintiffs argue that the trial court erred by concluding that Chevron's conduct is covered by the "special purpose" exception under subdivision (c)(4) of section 1747.08. We disagree.

Plaintiffs argue that the exception applies only if personal identification information "is required for the completion of the transaction." Because Chevron admits that in the past it has accepted and at some locations it still accepts credit card payments without requesting or requiring personal identification information, Chevron admits that credit card transactions can be completed without such information. Thus, according to plaintiffs, the exception does not apply, because the undisputed facts show that personal identification information is not required to complete the credit card transaction.

The argument lacks merit because the exception is not limited to circumstances in which personal identification information is required to complete the credit card transaction. Rather, the exception applies if personal identification information "is required for a special purpose incidental but related to the individual credit card transaction." (§ 1747.08, subd. (c)(4).)

Plaintiffs also argue that preventing fraud is insufficiently similar to the special purposes that the statute expressly lists, namely, "shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." (§ 1747.08, subd. (c)(4).) On that basis, plaintiffs conclude that preventing fraud is not a "special purpose incidental but related to the individual credit card transaction" within the meaning of the statute. (*Ibid.*)

We are not persuaded. The statute says that the relevant special purposes include but are not limited to those listed. (§ 1747.08, subd. (c)(4).) Preventing fraud is incidental but related to the individual credit card transaction. It is *incidental* in that,

as plaintiffs point out, it is possible for the seller to complete the transaction without attempting to ensure that the transaction is not fraudulent. But it is *related* to the individual credit card transaction in that the seller is trying to ensure that that particular transaction is not fraudulent. Preventing fraud is therefore sufficiently similar to shipping, delivery, and the other enumerated purposes—it is a special purpose incidental but related to the individual credit card transaction. (See *City of Santa Ana v. City of Garden Grove* (1979) 100 Cal.App.3d 521, 528 ["expressio unius est exclusio alterius" does not apply, because the statute says "but not limited to"].)

Plaintiffs have failed to show that the trial court erred in its application of the "special purpose" exception under subdivision (c)(4) of section 1747.08. We therefore affirm the judgment in favor of Chevron, and we express no opinion on the other issues raised by the parties.[3]

---

[3] The Supreme Court's most recent case concerning section 1747.08 is *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128 (*Apple*), which held that "section 1747.08 does not apply to online purchases in which the product is downloaded electronically." (*Apple*, *supra*, 56 Cal.4th at p. 133.) *Apple* expressly limited its holding to such online purchases, so it does not govern the instant case. (See, e.g., *id.* at pp. 133, 143, 150.) In addition, because of the procedural posture of the case, the Court in *Apple* assumed the truth of the plaintiff's allegation that the defendant did not collect personal identification information for any special purpose incidental but related to the individual credit card transaction. (*Id.* at p. 134.) The "special purpose" exception under subdivision (c)(4) of section 1747.08 was consequently not at issue, and the Court did not analyze its applicability; in particular, the Court did not consider the question of whether preventing fraud is a "special purpose" within the meaning of the exception. Finally, we note that in discussing the legislative history of the 2011 amendments to the Credit Card Act, the Court quoted "an Assembly analysis of proposed Senate amendments," which noted that "'this bill simply creates an express exemption in current law from the prohibition on collecting zip code information in a retail credit card transaction at a motor fuel dispenser so long as the zip code information is used to prevent fraud, theft or identity theft,' an exemption that 'the courts may determine in current litigation . . . *always existed*.' [Citation.]" (*Apple*, *supra*, 56 Cal.4th at p. 146, italics added in *Apple*.) *Apple* and the Assembly analysis it quoted thus foreshadowed the determination we make in this case.

DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs of appeal.

CERTIFIED FOR PUBLICATION.


                                    ROTHSCHILD, J.

We concur:



        MALLANO, P. J.



        JOHNSON, J.