Filed 1/13/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| MARK LEWIS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JINON CORPORATION,<br><br>    Defendant and Respondent. | B257389<br><br>(Los Angeles County Super. Ct.<br> No. BC521035) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William Highberger, Judge.  Affirmed.

Mehrban Law Corporation, Julie Mehrban; Law Offices of Morse Mehrban, Morse Mehrban, for Plaintiff and Appellant.

Willenken Wilson Loh & Delgado, William A. Delgado, Aarti K. Wilson, for Defendant and Respondent.

_____

The issue presented is whether a business violates the Song-Beverly Credit Card Act of 1971 (the Credit Card Act) (Civ. Code, § 1747 et seq.)[1] by recording the birth date of a customer who purchases alcohol with a credit card. We conclude the prohibition against recordation of personal identifying information (a date of birth) in connection with a credit card transaction does not apply to the purchase of an alcoholic beverage under the plain language of section 1747.08, subdivisions (a) and (c)(4). We therefore affirm the judgment of dismissal entered after an order sustaining a demurrer without leave to amend.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff and appellant Mark Lewis filed a putative class action complaint for damages for violation of the Credit Card Act. Lewis alleged that he purchased an alcoholic beverage from defendant and respondent Jinon Corporation's store in September 2013, using a credit card for the purchase. Jinon's clerk requested personal identification information in the form of Lewis's birth date. Lewis believed he was required to provide the information to complete the sale and provided his birth date. The clerk entered Lewis's birth date into the computerized cash register.

Although Jinon was required by Business and Professions Code section 25660 to verify that a purchaser of alcohol is not under the age of 21, there is no legal requirement that the information be recorded under either state or federal law. Most retailers selling alcoholic beverages do not record date of birth information. Jinon was not contractually obligated to provide personal identifying information in order to complete a credit card transaction.

---

[1] All citations are to the Civil Code, unless otherwise indicated.

**DEMURRER, RESPONSE, REPLY, AND RULING**

**Demurrer by Jinon**

Jinon's demurrer acknowledged that the Credit Card Act prohibits (1) requesting or requiring a purchaser to write any personal identifying information on the credit card transaction form "or otherwise," and (2) requesting or requiring a purchaser to provide personal identifying information which is recorded upon the credit card transaction form "or otherwise." (§1747.08, subd. (a).) Jinon argued that subdivision (a) of section 1747.08 specifically exempts from its reach transactions described in subdivision (c) of the statute. Thus, the prohibitions in subdivision (a) do not apply where personal information is required for a special purpose incidental but related to the credit card transaction. (*Id.* at subd. (c)(4).) Jinon asserted that a special purpose existed in this transaction because Business and Professions Code section 25660 required it to verify that Lewis was not under the age of 21. For this reason, Jinon contended that Lewis's credit card transaction was exempt from the restrictions against recording personal identifying information in subdivision (a) of section 1747.08.

**Response by Lewis**

Lewis responded that section 1747.08 is a remedial statute that should be liberally construed. A person's birth date is personal identifying information covered by the Credit Card Act. Lewis argued that an exception to section 1747.08, subdivision (a), applies when the retailer is obligated by state or federal law to collect and record person identification information. (§ 1747.08, subd. (c)(3)(C).) While Lewis conceded that Jinon was required to verify age, it was not required to record a purchaser's birth date. Lewis further argued that the exception relied upon by Jinon—found in section 1747.08, subdivision (c)(4)—must be read in conjunction with subdivision (d) of the statute, which allows a business to require a cardholder to provide reasonable forms of identification,

3

provided that the personal identifying information is not written or recorded. Lewis reasoned that Jinon could have verified his date of birth without recording it on the cash register. Finally, Lewis argued that his birth date could have been recorded had he paid in cash, but once it became clear that he was going to pay by credit card, no personal identifying information could be recorded under section 1747.08, subdivision (a)(2).

**Reply by Jinon**

Jinon replied that Lewis's date of birth was obtained for a special purpose under the exception found in section 1747.08, subdivision (c)(4). The prohibition against recording personal identifying information in subdivision (a) of section 1747.08 is expressly exempted when a special purpose exists as defined in subdivision (c)(4). Lewis's reliance on subdivision (d) of the statute is misplaced, as it merely protects a business from fraud by allowing it to verify identity in a credit card transaction, but it does not purport to define the scope of the statutory exemptions.

**Ruling of the Trial Court**

The trial court sustained the demurrer without leave to amend. The court rejected Lewis's reliance on subdivision (d) of section 1747.08, as Jinon was relying on the "special purpose" exemption in subdivision (c)(4). The special purpose exemption applies to the alleged transaction due to the risk of tort liability and license suspension or revocation for sale to an underage person. Jinon was entitled to protect itself from these risks by recording birth dates of credit card purchasers as incidental to the sale of alcohol.

## DISCUSSION

Lewis argues that an exception to section 1747.08, subdivision (a)(2) is triggered when the retailer is obligated to collect and record personal identifying information by

4

state or federal law, citing subdivision (c)(3)(C). Lewis reasons that while Jinon is required to obtain proof of age in connection with sales of alcoholic beverages, there is no requirement in state or federal law that Jinon record the purchaser's date of birth. Lewis further argues that it cannot be determined at the demurrer stage whether recording the purchaser's date of birth is a special purpose incidental but related to the credit card transaction for the sale of alcohol. Finally, Lewis contends that Jinon was free to examine Lewis's identification information for purposes of the sale, but was not entitled to record it under subdivision (d) of section 1747.08. We disagree with these contentions.

**Standard of Review**

"Because we are reviewing the sustaining of a demurrer, we assume as true all fact alleged in the complaint. (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 996.)" (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 528 (*Pineda*).)

The issues presented on appeal involve interpretation of the Credit Card Act. "We independently review questions of statutory construction. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387.) In doing so, we look first to the words of a statute, 'because they generally provide the most reliable indicator of legislative intent.' (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.) We give the words their usual and ordinary meaning (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735), while construing them in light of the statute as a whole and the statute's purpose (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 124)." (*Pineda*, *supra*, 51 Cal.4th at pp. 529-530.)

**The Credit Card Act**

The Credit Card Act is "'designed to promote consumer protection.' (*Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, 450 [].) One of its provisions, section 1747.08, prohibits businesses from requesting that cardholders provide 'personal

identification information' during credit card transactions, and then recording that information.  (Civ. Code, § 1747.08, subd. (a)(2).)"[2]  (*Pineda*, *supra*, 51 Cal.4th at p. 527, fn. omitted.)

"Subdivision (b) defines personal identification information as 'information *concerning* the cardholder . . . including, but not limited to, the cardholder's address and telephone number.'  (§ 1747.08, subd. (b), italics added.)  'Concerning' is a broad term meaning 'pertaining to; regarding; having relation to; [or] respecting . . . .'  (Webster's New Internat. Dict. (2d ed.1941) p. 552.)"  (*Pineda*, *supra*, 51 Cal.4th at p. 531.)  *Pineda* held that a cardholder's ZIP code "is certainly information that pertains to or regards the cardholder."  (*Ibid.*)

Transactions identified in subdivision (c) of section 1747.08  are expressly exempt from the prohibitions of the Credit Card Act.  (§ 1747.08, subd. (a) [the stature applies "Except as provided in subdivision (c)"].)  As relevant here, subdivision (c) provides that "Subdivision (a) does not apply in the following instances : . . . .  [¶]  (4)  If personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders."

---

[2] Section 1747.08 provides in pertinent part as follows:  "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:

"(1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.

"(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise."

**Application of Civil Code Section 1747.08 to Credit Card Transactions for the Purchase of Alcohol**

The statutory basis identified by Lewis as prohibiting recording personal identifying information during a credit card transaction is subdivision (a) of section 1747.08. The prohibitions in subdivision (a) expressly do not apply to the situations set forth in subdivision (c). Thus, subdivision (a) does not prohibit the recording of personal identifying information where subdivision (c) is applicable.

Lewis focuses on subdivision (c)(3)(C),[3] arguing that the exemption to subdivision (a) does not apply because Jinon was not "obligated to collect and record the personal identification information by federal or state law or regulation." Lewis reads subdivision (c) too narrowly and in a manner inconsistent with the plain language of the statute.

Accepting the allegation that Jinon was not required by state or federal law to record Lewis's date of birth, that circumstance establishes nothing more than the exemption in subdivision (c)(3)(C) does not apply. Jinon has never contended that this particular exemption is applicable. Lewis overlooks that the exemptions set forth in subdivision (c) are independent of each other, because as the plain language of the state indicates, "Subdivision (a) does not apply *in the following instances*. (Emphasis added.)" Subdivision (c) sets forth the various exemptions in four separately numbered paragraphs, each independent of the other exemptions.

We therefore turn to Lewis's contention that the special purpose exemption set forth in section 1747.08, subdivision (c)(4), cannot be applied at the demurrer stage because of the absence of a factual record. Lewis reasons that a factual record, at least in the form of a motion for summary judgment, is necessary to demonstrate application of

_____

[3] Section 1747.08, subdivision (c)(3)(C) provides that subdivision (a) does not apply if: "(C) The person, firm, partnership, association, or corporation accepting the credit card is obligated to collect and record the personal identification information by federal or state law or regulation."

7

the special purpose exemption. (See *Flores v. Chevron U.S.A., Inc.* (2013) 217 Cal.App.4th 337, 342-343 (*Flores*) [affirming grant of summary judgment where defendant established that recording the zip code was required to prevent fraud in the purchase of gasoline by credit card].) While it is correct that the procedural posture in *Flores* was an appeal following summary judgment, the case does not discuss or stand for the proposition that a special purpose as defined in subdivision (c)(4) cannot be established at the demurrer stage.

We are satisfied, as a matter of law, that proof of age is a special purpose incidental but related to the purchase of alcohol. The sale of alcoholic beverages is heavily regulated by the state. It is a misdemeanor to sell any alcoholic beverage to any person under 21 years of age. (Bus. & Prof. Code, § 25658, subd. (a).) A licensee may refuse to sell or serve alcoholic beverages to any person unable to produce adequate written evidence that he or she is over the age of 21 years. (Bus. & Prof. Code, § 25659.) Proof that a licensee demanded, was shown, and acted in reliance upon bona fide evidence of proof of age is a defense to a criminal prosecution or suspension or revocation of any license based upon sale of alcoholic beverage to a minor. (Bus. & Prof. Code, § 25660.)

The pervasive regulation of the sale of alcoholic beverages, and in particular the prohibition against sale to a person under the age of 21, demonstrates that obtaining a purchaser's date of birth is a special purpose incidental but related to the credit card transaction. The exact same information could be entered in the cash register in a cash transaction for the same purpose. Jinon's decision to record the date of birth in the cash register created a record of the age of a purchaser of alcohol, which would constitute a defense to a criminal or licensing action alleging sale to an underage person. (Bus. & Prof. Code, § 25660.) The trial court correctly determined that the exemption in section 1747.08, subdivision (c)(4), applies in this case.

8

We reject Lewis's argument that 1747.08, subdivision (d),[4] demonstrates that Jinon was not entitled to record Lewis's date of birth as part of the credit card transaction. "[T]he Legislature in 1991 'added a provision (former § 1747.8, subd. (d)) . . . substantially similar to the subdivision (d) now in section 1747.08, permitting businesses to require cardholders to provide identification so long as none of the information contained thereon was recorded.' (*Pineda, supra,* 51 Cal.4th at p. 535, citing Stats. 1991, ch. 1089, § 2, p. 5042.)" (*Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 140.) "As previously noted, section 1747.08[, subdivision] (d) makes clear that nothing in the statute prevents retailers from requiring customers to provide positive identification— 'which may include a driver's license or a California state identification card, or where one of these is not available, another form of photo identification'—as a condition of accepting a credit card as payment." (*Ibid.*) Subdivision (d) is unrelated to the exemptions permitted under subdivisions (a) and (c), because as our Supreme Court has described it, subdivision (d) is an anti-fraud provision that operates "separate and apart" from subdivision (c). (*Id.* at p. 141.) In other words, the exemptions permitted in subdivision (c), including subdivision (c)(4) in this case, apply without regard to the anti-fraud provision in subdivision (d).

---

[4] Section 1747.08, subdivision (d), provides as follows: "(d) This section does not prohibit any person, firm, partnership, association, or corporation from requiring the cardholder, as a condition to accepting the credit card as payment in full or in part for goods or services, to provide reasonable forms of positive identification, which may include a driver's license or a California state identification card, or where one of these is not available, another form of photo identification, provided that none of the information contained thereon is written or recorded on the credit card transaction form or otherwise. If the cardholder pays for the transaction with a credit card number and does not make the credit card available upon request to verify the number, the cardholder's driver's license number or identification card number may be recorded on the credit card transaction form or otherwise."

**DISPOSTION**

The judgment is affirmed.  Jinon Corporation is awarded costs on appeal.


KRIEGLER, J.

We concur:


TURNER, P. J.


MOSK, J.