TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 18-304 |
| of | : | July 25, 2019 |
| XAVIER BECERRA<br>Attorney General | : | |
| LAWRENCE M. DANIELS<br>Deputy Attorney General | : | |

_____

THE HONORABLE STACEY SIMON, COUNTY COUNSEL OF MONO COUNTY, has requested an opinion on the following questions involving the prohibition against simultaneously holding incompatible public offices:

1.     May a member of a county board of supervisors also serve as one of its appointed representatives to the county's local transportation commission, which allocates transportation funds to the county?

2.     May a member of a joint powers agency, established by the county as a transit operator, also serve as the appointed representative of the transit operators to the local transportation commission, which allocates transportation funds to the joint powers agency?

3.     May a member of the county board of supervisors also serve as one of its appointed representatives to a joint powers agency established by the county as a transit operator?

1

18-304

4.     May a member of the county board of supervisors who is serving as one of its appointed representatives to the local transportation commission (see question one) also serve as one of the board's appointed representatives to a joint powers agency established by the county as a transit operator (see question three)?

CONCLUSIONS

1.     A member of a county board of supervisors may also serve as one of its appointed representatives to the county's local transportation commission because the Legislature has expressly authorized such simultaneous service.

2.     A member of a joint powers agency, established by the county as a transit operator, may also serve as the transit operators' appointed representative to the local transportation commission because the Legislature has expressly authorized such simultaneous service.

3.     A member of the county board of supervisors may also serve as one of its appointed representatives to the joint powers agency established by the county as a transit operator because the Legislature has expressly authorized such simultaneous service.

4.     Because the Legislature has not limited these express authorizations, the same member of the board of supervisors who is serving as one of its appointed representatives to the local transportation commission may also serve as one of the board of supervisors' appointed representatives to a joint powers agency established by the county as a transit operator.

ANALYSIS

**Introduction**

Mono County, its local transportation commission, and two transit operators organized by joint powers agreements with the county are responsible for meeting the transportation needs of their constituents.  By state law, these governmental entities have their own governing boards.

First, under Government Code section 25000, a county must be governed by a board of supervisors that comprises five elected members.[1]  Pursuant to this statute, the Mono

---

[1] Gov. Code, § 25000, subd. (a).

2

County Board of Supervisors has five members, each representing one of five geographical districts.[2]

Second, the Transportation Development Act[3] authorizes a county to have a local transportation fund in the county treasury to help finance local public transportation systems.[4] The fund is generated by percentages of sales and fuel taxes, and its monies are continuously appropriated by the board of supervisors to the county's transportation planning agency.[5] In Mono County, this agency is established as a "local transportation commission."[6] Counties, cities, operators,[7] and transit districts[8] may make claims for transportation funds from the commission, whose board annually determines the quantity of funds that may be appropriated to each claimant.[9] In Mono County, where there is no transit district and only one incorporated city (the Town of Mammoth Lakes),[10] the governing board of its local transportation commission is composed of three members that the board of supervisors appoints, three members that the city council appoints, and one member who collectively represents the transit operators in the county.[11] The Legislature

---

[2] https://monocounty.ca.gov/bos/page/about-board-supervisors.

[3] Gov. Code, §§ 29530-29536; Pub. Util. Code, §§ 99200-99420.

[4] Gov. Code, § 29530; Pub. Util. Code, § 99220; *City of El Cajon v. Lonergan* (1978) 83 Cal.App.3d 672, 675; 56 Ops.Cal.Atty.Gen. 310, 312 (1973).

[5] Gov. Code, §§ 29530, 29531, 29532; Pub. Util. Code, §§ 99214, 99220, subd. (d), 99312, 99312.1, 99313; Rev. & Tax. Code, §§ 6051.8, 6201.8, 7204.

[6] Gov. Code, §§ 29532, subds. (b), (c), 29535; Cal. Code Regs., tit. 21, §§ 6616.1, 6640, subd. (d), 6641; https://monocounty.ca.gov/ltc.

[7] An "operator" is "any transit district, included transit district, municipal operator, included municipal operator, or transit development board." (Pub. Util. Code, § 99210.)

[8] A "transit district" is "a public district organized pursuant to state law and designated in the enabling legislation as a transit district or a rapid transit district." (Pub. Util. Code, § 99213; see Pub. Util. Code, Div. 10, § 24501 et seq. [transit districts].)

[9] Gov. Code, §§ 29532; Pub. Util. Code, §§ 99203, 99230, 99231, 99233, 99233.8, 99233.9, 99260, 99400. For example, we are apprised that Mono County and the Town of Mammoth Lakes have received funds from the commission for street and road maintenance projects and that the two transit operators servicing the county have received funds from the commission for the purchase of buses and other equipment.

[10] As in the case of Mammoth Lakes, an incorporated city is free to name itself a "town." (Gov. Code, §§ 34502, 56722.)

[11] Gov. Code, § 29535.

3

has prescribed that these "appointments to the commission may include members of the board of supervisors, the city councils . . . , and other local transit operators."[12]

Third, under the Joint Exercise of Powers Act,[13] "two or more public agencies by agreement may jointly exercise any power common to the contracting parties . . . ."[14] The governing body of a joint powers authority[15] "may as provided in such agreement, and in any ratio provided in the agreement, be composed exclusively of officials elected to one or more of the governing bodies of the parties to such agreement."[16]

Mono County entered into a joint powers agreement with Merced and Mariposa Counties in 1999 in order "[t]o provide and operate Transit Services to and through Yosemite National Park."[17] The agency, denominated the Yosemite Area Regional Transportation System Authority, is governed by a board comprising "two voting directors from each of the members of the Authority" chosen by each member "from among the elected officials of any publicly elected political office within its geographic limits."[18]

In 2006, Mono County entered into another joint powers agreement, this one with Inyo County, the City of Bishop (located in Inyo County), and the Town of Mammoth Lakes (located in Mono County) in order "to provide public transportation services within the jurisdiction and boundaries of the member entities."[19] This joint powers agency is called the Eastern Sierra Transit Authority, and its board of directors consists of "two members appointed by the governing board of each member entity," at least one of whom must be one of the "members of that member entity's governing body."[20]

---

[12] Gov. Code, § 29535. We are told that apart from its membership in the two joint powers agencies, Mono County currently does not provide transit services.

[13] Gov. Code, §§ 6500-6599.3.

[14] Gov. Code, § 6502. Counties and cities each have the power to provide public transportation services. (Gov. Code, §§ 26002, 39732.)

[15] The terms "joint powers authority" and "joint powers agency" mean the same thing. (Gov. Code, § 56047.7.)

[16] Gov. Code, § 6508; see 78 Ops.Cal.Atty.Gen. 60, 63-64 (1995).

[17] http://www.mcagov.org/DocumentCenter/View/1598/JPA-Agreement-2017, at pp. 1-3 (as amended in 2017).

[18] http://www.mcagov.org/DocumentCenter/View/1598/JPA-Agreement-2017, at pp. 1, 5.

[19] https://www.estransit.com/wp-content/uploads/files/JPA-Rev02-11.pdf, at pp. 1-2, 8.

[20] https://www.estransit.com/wp-content/uploads/2015/10/Agenda-Packet-

4

We are asked whether the prohibition against holding incompatible public offices affects certain appointments that result in one person simultaneously serving on two or more of these governing boards. As we detail below, the Legislature has expressly authorized the appointments in question, so they are not prohibited.

**The Law of Incompatible Offices**

Government Code section 1099 provides that "[a] public officer, including, but not limited to, an appointed or elected member of a government board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible."[21] Offices are incompatible if "there is a possibility of a significant clash of duties or loyalties between the offices."[22] The incompatible offices prohibition applies only when each position is a public office, rather than just a position of employment.[23] Even so, the prohibition does not apply if the Legislature has authorized the simultaneous holding of offices.[24] "Although a conflict of interest may arise under the . . . rule against incompatible offices, '[t]here is nothing to prevent the Legislature . . . from allowing, and even demanding, that an officer act in a dual capacity.'"[25]

In particular, the incompatible offices doctrine does not apply "to situations where the directors of one public agency are authorized by the Legislature to be the representatives of constituent member public agencies."[26] We have previously explained

---

10.16.151.pdf, at pp. 25-26 (extending the agreement through December 31, 2018); see https://www.estransit.com/wp-content/uploads/2017/08/Minutes-June-16-2017.pdf, at p. 1.

[21] Gov. Code, § 1099, subd. (a).

[22] Gov. Code, § 1099, subd. (a)(2); see 98 Ops.Cal.Atty.Gen. 94, 95 (2015). Offices are also incompatible if either one "may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body" or if "[p]ublic policy considerations make it improper for one person to hold both offices." (Gov. Code, § 1099, subds. (a)(1), (a)(3).)

[23] Gov. Code, § 1099, subds. (a), (c); 90 Ops.Cal.Atty.Gen. 12, 14 (2007).

[24] Gov. Code, § 1099, subd. (a) (offices are not incompatible where "simultaneous holding of the particular offices is compelled or expressly authorized by law"); 90 Ops.Cal.Atty.Gen. 24, 26-28 (2007).

[25] *American Canyon Fire Protection Dist. v. County of Napa* (1983) 141 Cal.App.3d 100, 104, quoting *McClain v. County of Alameda* (1962) 209 Cal.App.2d 73, 79.

[26] 90 Ops.Cal.Atty.Gen., *supra*, at p. 28; see, e.g., *American Canyon Fire Protection Dist. v. County of Napa, supra,* 141 Cal.App.3d at pp. 102-106 (incompatible offices rule

that where a state statute expressly permits a member of one local governing body to serve as that body's representative on another local governing body, "it would be anomalous to apply the incompatible offices rule . . . due to possible divided loyalties" because "the reason the member agency's representative is on the [other governing body] is to assert and promote the interests of the agency he or she is representing."[27]  Specifically, we have found that in the Joint Exercise of Powers Act, the Legislature abrogated the rule against holding incompatible offices as to constituent governing board members serving on the governing boards of joint powers agencies.[28]

Here, we need not reach the questions of whether all three board positions—county supervisor, local transportation commission member, and joint powers authority member—are "public offices" and, if so, whether they are "incompatible" within the meaning of Government Code section 1099, because, as discussed below, we find that the Legislature has abrogated the rule against incompatible offices in the scenarios presented.[29]

**1.      The Legislature has expressly authorized a county supervisor to serve as one of the board of supervisors' appointees to the local transportation commission.**

In question one, we are asked whether a person may simultaneously serve on a county's board of supervisors and local transportation commission.  Government Code

---

abrogated for the board of supervisors serving as the county's fire department board); *McClain v. County of Alameda, supra,* 209 Cal.App.2d at pp. 78-79 (rule abrogated for a county supervisor serving on the county's retirement board); 95 Ops.Cal.Atty.Gen. 130, 133-135 (2012) (rule abrogated for an officer of a member agency of a county water authority serving on the authority's board of directors as the representative of the member agency); 90 Ops.Cal.Atty.Gen., *supra*, at p. 15 (rule abrogated for a member of the board of the West Basin Municipal Water District serving as the district's representative on the Metropolitan Water District of Southern California).

[27] 90 Ops.Cal.Atty.Gen., *supra*, at p. 15, internal quotation marks omitted and initial capitals lowercased.

[28] 78 Ops.Cal.Atty.Gen., *supra*, at pp. 62-65; see Gov. Code, § 6508.

[29] See 84 Ops.Cal.Atty.Gen. 94, 97 (2001) (declining to decide whether the duties of a commissioner of a local agency formation commission and a director of a fire protection district potentially conflict because the Legislature has abrogated the incompatible offices rule as to the two offices); 78 Ops.Cal.Atty.Gen., *supra*, at p. 62 (declining to decide whether a council member of a constituent city sitting on a joint powers authority holds two public offices and whether the duties of the two positions potentially conflict because the Legislature has abrogated the incompatible offices rule as to joint powers agencies).

6

section 29535 provides that a local transportation commission shall include "three members appointed by the board of supervisors, three members appointed by the city selection committee of the county or by the city council in any county in which there is only one incorporated city, and where applicable, three members appointed by a transit district and one member representing, collectively, the other transit operators in the county."[30] This law expressly allows county supervisors to sit on the local transportation commission, specifying that commission members "*may include members of the board of supervisors*, the city councils, the transit district, and other local transit operators."[31]

Government Code section 29535 is evidently designed so that each representative on the local transportation commission "may not only have a loyalty to his or her appointing agency but may even promote the interests of the appointing agency."[32] It recognizes that a county supervisor appointed by the board of supervisors may be the best advocate for the county, which is one of the claimants for commission funds.[33] Under this statute, "the 'check' on such representation of interests" by the county supervisor is provided by the other commission members "having loyalties to their appointing agencies"—any incorporated cities, transit districts, and transit operators.[34] To apply the incompatible offices prohibition to a supervisor appointed by the board of supervisors to the local transportation commission "would remove the person from the first office, potentially losing his or her knowledge of the interests that are to be represented."[35] We conclude that simultaneous membership on the county board of supervisors and the county local transportation commission is expressly permitted by law.

---

[30] Gov. Code, § 29535, italics added.

[31] Gov. Code, § 29535, italics added. This provision was added to Government Code section 29535 as part of the Omnibus Transportation Act of 1995. (Stats. 1996, ch. 10, § 3; see Conc. in Sen. Amend. of Assem. Bill No. 1869 (1995-1996 Reg. Sess.) as amended Sept. 13, 1995, p. 3, available at http://leginfo.ca.gov/pub/95-96/bill/asm/ab_1851-1900/ab_1869_cfa_950918_120427_asm_floor.html.)

[32] 90 Ops.Cal.Atty.Gen., *supra*, at p. 29.

[33] See *American Canyon Fire Protection Dist. v. County of Napa*, *supra*, 141 Cal.App.3d at pp. 102-106 (the Legislature abrogated the incompatible offices prohibition as to a board of supervisors that governs the board of a special district that requests funds from the board of supervisors); 90 Ops.Cal.Atty.Gen., *supra*, at pp. 24, 31 (the Legislature abrogated the incompatible offices prohibition as to a general manager of a county water district serving as the district's representative to the board of a county water authority that provides water to the district).

[34] 90 Ops.Cal.Atty.Gen., *supra*, at p. 29.

[35] 90 Ops.Cal.Atty.Gen., *supra*, at p. 15.

18-304

**2.   The Legislature has expressly authorized a member of a joint powers authority established as a transit operator to serve as the transit operators' representative to the local transportation commission.**

Question two also involves dual service—on a local transportation commission and the board of a joint powers authority established as a transit operator eligible to request funds from the commission. As with question one, Government Code section 29535 speaks to this question of incompatibility. It provides that the board of a local transportation commission shall include, "where applicable . . . , one member representing, collectively, the other transit operators in the county" and "may include members of the board of . . . other local transit operators."[36] Elsewhere, the Legislature has affirmed that a transit operator may be organized as a joint powers authority.[37]

In Mono County, where two joint powers authorities are transit operators that provide bus services for county residents, the board of the county's local transportation commission is to include a representative of these "other local transit operators."[38] Further, this representative on the commission board may be one of the "members of the board" of one of these transit operators (the joint powers authorities).[39] Just as the Legislature intended that a county supervisor may serve on the local transportation commission to represent the interests of the county, so did it intend that a transit operator board member may serve on the local transportation commission to represent the interests of the transit operators.[40] Consequently, we find that the prohibition against simultaneously holding

---

[36] Gov. Code, § 29535.

[37] Pub. Util. Code, § 99420, subd. (b)(2) (in relation to agreements for joint development projects, "'[t]ransit operator' means an entity that qualifies as a claimant under Section 99203 and is eligible to receive allocations under this chapter, *and includes a joint powers authority formed to operate a public transportation system*," italics added); and see, e.g., Pub. Util. Code, § 99231, subds. (g) (referring to the "transit operator" created by the joint powers agreement between the County of Riverside and one or more cities), (h) (referring to the "transit operator" created by the joint powers agreement between the County of San Bernardino and one or more cities).

[38] Gov. Code, § 29535.

[39] Gov. Code, § 29535.

[40] Despite permitting this dual service, state law bars the representative of the transit operators on the local transportation commission from voting on the approval of certain funding claims that they are not authorized to make. (Gov. Code, § 29536 [the representative of the transit operators may not vote on claims in the article commencing with Public Utilities Code section 99400]; Pub. Util. Code, § 99400 [allowing various

8

incompatible offices does not apply in this instance.

**3. The Legislature has expressly authorized a county supervisor to serve as the board of supervisors' appointee to a joint powers authority established as a transit operator.**

We are next asked, in question three, whether a member of a board of supervisors may be appointed to the governing board of a transit operator organized by a joint powers agreement between the county and other counties or cities. The answer to this question lies in a statute governing the composition of the board members of joint powers agencies, Government Code section 6508.[41] This section contemplates that a joint powers agreement involving a county may specify that the board of the joint powers agency include supervisors—the elected officials of the county's governing body:

> The governing body of any agency having the power to sue or be sued in its own name, created by an agreement . . . , between parties composed exclusively of parties which are cities, counties, or public districts of this state . . . , may as provided in such agreement, and in any ratio provided in the agreement, be composed exclusively of officials elected to one or more of the governing bodies of the parties to such agreement. . . . In the event that such [joint powers] agency enters into further contracts, leases or other transactions with one or more parties to such agreement, an official elected to the governing body of such party may also act in the capacity of a member of the governing body of such agency."[42]

Consistent with this statute, the founding agreements of the two joint powers agencies supplying transit services in Mono County permit or require that a supervisor be appointed by the board of supervisors to serve on their governing boards.[43]

---

claims by counties, cities, and transit districts, but not by transit operators, for local streets and roads, pedestrian and bicycle projects, passenger rail service operations and capital improvements, special transportation assistance, and farmworker transportation]; see 95 Ops.Cal.Atty.Gen., *supra*, at p. 135 [noting that in Water Code Appendix, chapter 45, section 6, subdivision (b), the Legislature imposed a limited voting restriction on any county water authority director who is also a director of a constituent member agency; with that restriction, the Legislature expressly authorized the holding of these two offices].)

[41] Gov. Code, § 6508.

[42] Gov. Code, § 6508.

[43] http://www.mcagov.org/DocumentCenter/View/1598/JPA-Agreement-2017, at p. 5; https://www.estransit.com/wp-content/uploads/2015/10/Agenda-Packet-10.16.151.pdf, at

18-304

Through Government Code section 6508, then, the Legislature has expressly authorized a county supervisor to simultaneously sit on the board of a joint powers agency of which the county is a member.[44]  It is "statutorily anticipated" that each member of the board of directors of the joint powers authority "is 'representing' the interests of his or her constituent member agency on the [a]uthority's board of directors"[45]  We believe that the Legislature intended a joint powers agency member's loyalty to his or her constituency to be "a feature, not a bug," of this system.[46]  We therefore conclude that these two positions are not incompatible offices.

**4.	The Legislature's express authorizations permit a county supervisor to serve both as the board of supervisors' appointee to the local transportation commission and to a joint powers authority established as a transit operator.**

In question four, it is supposed that the board of supervisors appoints one of its members to the local transportation commission and also appoints the same supervisor to the board of a transit operator formed by a joint powers agreement with the county.[47]  We

---

p. 26.

[44] See 78 Ops.Cal.Atty.Gen., *supra*, at p. 65 (the incompatible offices doctrine "is not applicable to joint exercise of powers agencies," and "thus members of the Burbank City Council may simultaneously serve as members of the Burbank-Glendale-Pasadena Airport Authority Commission," a joint powers agency).

[45] 90 Ops.Cal.Atty.Gen., *supra*, at p. 28.

[46] *Lexin v. Super. Ct.* (2010) 47 Cal.4th 1050, 1090 (regarding the public services exception to the conflict of interest prohibition of Government Code section 1090, noting that "it is a feature, not a bug," of "representative democracy" for a public official to share the same interests in benefits as his or her constituents).

[47] We are asked to assume that this person is not also serving as the transit operators' representative to the county's local transportation commission.  Although we concluded in response to question two that an appointment of a board member of a joint powers agency-transit operator as a representative of the transit operators to the local transportation commission would not violate the rule against incompatible offices, the appointment might be unauthorized if the same person were also appointed to the local transportation commission by the board of supervisors.  The statute setting forth the composition of the local transportation commission appears to envision a board of separate members representing enumerated constituents.  The commission must include "three members appointed by the board of supervisors . . . *and* one member representing, collectively, the other transit operators in the county." (Gov. Code, § 29535, italics added.)  Thus, instead of four such members, there would only be three if the same person were appointed to the

10

18-304

have concluded in response to questions one and three that, taken separately, each appointment does not violate the doctrine of incompatible offices because the Legislature has expressly authorized the board of supervisors to make each appointment.[48] Having determined that the Legislature overrode any incompatible offices prohibition against serving as a county supervisor and the board of supervisors' appointee to the local transportation commission *or* as a county supervisor and the board of supervisors' appointee to a joint powers agency established as a transit operator, we must still consider whether the prohibition could nonetheless apply as to the same supervisor being appointed to both of these transportation boards.

We discern no such limitation in these statutory exceptions to the incompatible offices rule.[49] That is, the Legislature, in expressly allowing service on each pair of boards simultaneously, has not prevented service on both pairs of boards simultaneously.[50] The law was crafted so that supervisors may be appointed to the other two boards, and it strikes us as immaterial whether it is the same or different supervisor advocating for the county's interests there.[51] We therefore conclude that a member of the board of supervisors who is

---

commission by both the board of supervisors and the transit operators.

[48] See Gov. Code, §§ 6508, 29535.

[49] Gov. Code, §§ 6508, 29535. In other contexts, courts have declined to impose limitations on statutory exceptions where the Legislature did not explicitly create such limitations. (See, e.g., *Flores v. Chevron U.S.A. Inc.* (2013) 217 Cal.App.4th 337, 342-343 [concluding that a statute creating an exception to the law against requiring personal information with a credit card purchase did not contain the alleged limitation]; *Hildebrand v. Dept. of Motor Vehicles* (2007) 152 Cal.App.4th 1562, 1571 [concluding that a statute creating an exception to the hearsay rule did not contain the alleged limitation]; *People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 666-668 [concluding that a statute creating an exception to the prohibition against compensation for referrals by health care providers did not contain the alleged limitation].)

[50] Additionally, as we have explained in response to question two, the Legislature has also specifically authorized one person to serve on the local transportation commission and a transit operator board. (Gov. Code, § 29535; see 84 Ops.Cal.Atty.Gen., *supra*, at pp. 97-99 [a person may not simultaneously serve as a city fire chief, fire protection district director, and local agency formation commissioner because two of these offices—fire chief and commissioner—are incompatible and because the Legislature has not specifically overridden the prohibition as to these two offices].)

[51] Because the question assumes that the supervisor appointed by the board of supervisors to the commission would not also be the transit operators' appointed representative to the commission, the supervisor would not be prohibited from voting in

11

serving as its appointed representative to the county's local transportation commission may also serve as the board of supervisors' appointed representative to a joint powers authority established by the county as a transit operator.

*****

_____

the commission on one class of claims reserved to counties, cities, and transit districts. (See fn. 40, *ante*; Gov. Code, § 29536; Pub. Util. Code, § 99400.)